UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAUL REYES,

               Plaintiff,

       v.

FEDERAL EXPRESS CORPORATION,

               Defendant.

Case No. 23-cv-00693-AMO

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Re: Dkt. No. 16

Before the Court is Plaintiff Reyes's motion to remand the case to state court. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearings set for July 6, 2023, and September 14, 2023, are VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby rules as follows.

## BACKGROUND

**A.      Factual Background**

Reyes allegedly worked for Defendant Federal Express Corporation ("FedEx") as an hourly, non-exempt employee from March 2019 to September 2020. First Amended Complaint ("FAC," ECF 14) ¶ 18. Reyes alleges that FedEx required him to use his personal cellphone to perform his job duties, including navigation and communications with supervisors, dispatch, and customers. FAC ¶ 19. FedEx did not provide Reyes with business phones or radios, he alleges, and the only way FedEx could reach Reyes while on route was through personal phones. FAC ¶ 20. Reyes allegedly told his trainer of his difficulties in using a FedEx provided printout showing his stops on his route because it was difficult to make out the streets, and the trainer advised him to navigate using his own phone. FAC ¶ 23. FedEx allegedly contacted Reyes on his

1  cellphone through supervisors and dispatch.  FAC ¶ 24.  Reyes alleges that FedEx did not

2  reimburse him for the expense associated with using his cellphone for work and did not inform

3  him that he could request reimbursement for this business expense.  FAC ¶ 25.

4      Reyes seeks to represent a class of similarly situated employees and proposes the following

5  two class definitions:

6          Expense Reimbursement Class: All persons employed by Defendants
           [sic] in California who incurred business expenses using personal
7          cellphones during the Relevant Time Period.  ECF 1-1, Ex. A, ¶ 9.

8          Unfair   Competition   Law   ("UCL")   Class:   All   Expense
           Reimbursement Class members employed by Defendants [sic] in
9          California during the Relevant Time Period.  *Id.*

10     Reyes did not quantify in either the original complaint or the FAC the monetary losses he

11  attributes to FedEx's practices.  Both complaints are silent on the dollar value of the claims.

12  **B.    Procedural Background**

13     Reyes originally filed this case in San Francisco Superior Court on January 13, 2023.  *See*

14  ECF 1-1 at 4-14.  FedEx removed the case to federal court on February 15, 2023, on the basis that

15  federal subject matter jurisdiction exists pursuant to the Class Action Fairness Act ("CAFA," 28

16  U.S.C. § 1332).  ECF 1.

17     Reyes now moves to remand the case, arguing that jurisdiction under CAFA is lacking

18  because FedEx fails to establish that the amount in controversy exceeds $5 million.  ECF 16.

19  Alternatively, Reyes contends that FedEx fails to establish that the amount in controversy exceeds

20  $75,000 to support diversity jurisdiction pursuant to Title 28 U.S.C. § 1332(a)(1).  The motion to

21  remand is fully briefed.[1]  FedEx additionally requests leave to file a sur-reply in response to new

22  cases and evidence presented in Reyes's reply brief.  ECF 24.  The merits of that request are

23  discussed below.

24

25

26  [1] After Reyes filed his motion to remand, FedEx moved to dismiss the second cause of action.
    ECF 19.  Since the motion to remand presents "a threshold jurisdictional question," the Court must
27  "decide it first," before addressing a motion to dismiss.  *Lowry v. Barnhart*, 329 F.3d 1019, 1022
    (9th Cir. 2003) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).  The
28  motion to dismiss is fully briefed and set to be heard on July 6, 2023, but the Court here considers
    the motion to remand first.

United States District Court
Northern District of California

2

**DISCUSSION**

**A.    Legal Standard**

A defendant may remove a class action from state to federal court by filing a notice of removal that lays out the grounds for removal.  28 U.S.C. § 1453(b); 28 U.S.C. § 1446(a).  "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)."  *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).  Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," more is required "when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where the plaintiff contests the removing defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 88.  In general, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (discussing 28 U.S.C. § 1441).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*  If a defendant fails to meet this burden, the action must be remanded.  In contrast to this general presumption against removal jurisdiction, there is no presumption against removal under 28 U.S.C. 1332(d), CAFA.  *See Owens*, 574 U.S. at 89.

Like a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations.  *Leite*, 749 F.3d at 1122.  In effect, a facial attack challenges "the form, not the substance" of the defendant's removal allegations, and the defendant need not respond to the remand motion with "competent proof" under a summary judgement-type standard.  *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020).  By contrast, an attack is factual when the plaintiff "contests the truth of the [defendant's] factual allegations, usually by introducing

evidence outside the pleadings." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020).  In response to a factual attack, the defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the threshold amount. *Harris*, 980 F.3d at 699.  The plaintiff may also submit evidence or rely instead on "a reasoned argument as to why any assumptions on which [defendant's numbers] are based are not supported by evidence." *Id.* at 700 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)).

**B.      CAFA Jurisdiction**

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d).  A defendant claiming federal jurisdiction under CAFA bears the burden of establishing that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.  *Ibarra*, 775 F.3d at 1197 (citation omitted).

Here, Reyes contests CAFA jurisdiction on the basis that FedEx fails to carry its burden to establish that the amount in controversy exceeds $5 million.  FedEx responds that the amount in controversy exceeds $5 million because the allegations in the FAC support the assumption that FedEx violates the rights of 100% of potential class members.

"The Ninth Circuit [has] held that [allegations of] 'a pattern and practice of doing something does not necessarily mean always doing something, and that under such circumstances, the defendant 'bears the burden to show that its estimated amount in controversy relied on reasonable assumptions.'" *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 911 (N.D. Cal. 2016) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198-99 (9th Cir. 2015)).  However, if the language of the complaint indicates that the violations occurred as the result of "policies that applied 'uniformly' to all putative class members," then that may support concluding a uniform class-wide impact.  *Branch v. PM Realty Grp., L.P.*, 647 F. App'x 743, 746 (9th Cir. 2016).  The distinction is whether the complaint alleges only a "pattern and practice" of

4

1    labor law violations – requiring additional proof of the frequency of the violation – or a "universal

2    violation" – allowing the reasonable assumption that the violation occurred 100% of the time to all

3    members of the class.  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

4        FedEx argues that the FAC alleges a "uniform policy" or a "systematic scheme" (ECF 20

5    at 16), which supports assuming a 100% violation rate.  FedEx discerns from the pleading,

> Defendant had "a policy or practice of failing to comply with the
> Labor Code and Business and Professions Code."  (FAC ¶ 14).
> Defendant failed to reimburse and had a policy or practice of not
> reimbursing plaintiff and the putative class members for all
> necessary business expenses.  (FAC ¶¶ 1, 25, 26, 29, 30).  Defendant
> failed to inform plaintiff and the putative class they could request
> reimbursement for use of their personal cellphones.  (FAC ¶ 25).

10   FedEx Opp. Br. (ECF 20) at 9.  These allegations do not establish, as FedEx must show, that

11   FedEx never complied with those laws.  As Reyes highlights, the terms "uniform policy" and

12   "systematic scheme" do not appear in the pleading.  Reyes nowhere makes absolute claims that

13   class members were *never* reimbursed for personal cell phone use.  FedEx takes an inferential leap

14   unsupported by the pleadings.  Therefore, a 100% violation rate is not a reasonable assumption,

15   and FedEx's calculations based on such an unreasonable assumption cannot support the amount in

16   controversy it advances.

17       Moreover, the evidence FedEx submitted does not support an alternative assumption of

18   any particular violation rate or amount in controversy.  The Corodimas Declaration, from a FedEx

19   Human Resources Manager, merely identifies job codes or positions that work "on road" and

20   "could" need to communicate with their co-workers several times a week or day in the course of

21   their duties.  ECF 20-2.  The Jones Declaration, from a FedEx Senior Human Resources Business

22   Analyst, shows (1) the number of non-exempt employees in California by month from January

23   2019 through March 2023 and (2) the number of employees in the "on road" positions identified

24   by Corodimas by the same monthly breakdown.  ECF 20-3.  Finally, the Siget Declaration, from a

25   FedEx Senior Payroll Manager, shows (1) the average number of weeks worked by non-exempt

26   employees in California for each year from 2019 through 2022 and (2) the average number of

27   weeks worked by employees in the "on road" positions identified by Corodimas over the same

28   years.  This evidence, even considered in sum, does nothing to show how frequently the alleged

United States District Court
Northern District of California

1   violations occurred.  The figures from these declarations only show how many employees could

2   potentially fall within the putative class, and they do not identify how many employees may have

3   been eligible to receive reimbursement for the use of their personal cell phones.

4         Additionally, FedEx's assumption of violations for all non-exempt employees is itself

5   based on a faulty assumption.  FedEx calculated the amount in controversy for all its non-exempt

6   employees to be $4,261,442.  FedEx Opp. Br. (ECF 20) at 18.  Yet none of the evidence submitted

7   by FedEx establishes a violation rate for all non-exempt employees.  Further, Reyes's purported

8   refusal to stipulate to a more limited class definition does not provide a reasoned foundation for

9   assuming such an expansive violation rate.  *See* FedEx Opp. Br. (ECF 20) at 17.  The refusal to so

10  stipulate does not excuse FedEx's responsibility to demonstrate the reasonableness of its

11  calculations.

12        FedEx's addition of one per-week violation for non-exempt employees coded as drivers

13  does not change the calculation.  FedEx calculated additional damages for drivers to reach

14  $1,998,991.05.  FedEx Opp. Br. (ECF 20) at 21.  This sum does not appear to rest on any more

15  reliable assumptions about the number of employees who were not reimbursed for personal cell

16  phone use and itself falls short of the $5 million threshold.

17        In sum, FedEx fails to establish that the assumptions underlying its calculations to reach

18  the $5 million threshold are reasonable.  FedEx provides no basis for a 100% violation rate, and

19  the Court must conclude it is entirely speculative.  The Court therefore finds that the amount in

20  controversy threshold is not satisfied, and, with CAFA jurisdiction lacking, remands the case to

21  state court.

22  **C.    Individual Diversity Jurisdiction**

23        In order to establish removal jurisdiction over a diversity action pursuant to Title 28 U.S.C.

24  § 1332, the removing defendant must demonstrate that (1) the amount in controversy exceeds

25  $75,000, and (2) the suit is between citizens of different states.  When a complaint filed in state

26  court alleges on its face "damages in excess of the required jurisdictional minimum," the amount

27  pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional

28  amount.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-04 (9th Cir. 1996).  Conversely,

United States District Court
Northern District of California

"[w]here it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Further, as the Ninth Circuit has made clear, "attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citing *Fritsch*, 899 F.3d at 794).

At the outset, it must be noted that the parties do not dispute that diversity of citizenship within the meaning of Section 1332(a) exists. The dispute, rather, centers on whether FedEx demonstrates that the $75,000 amount in controversy required under Section 1332(a) is met. FedEx avers that the attorney's fees for Reyes's counsel alone exceed $75,000.

The Ninth Circuit has held that, where class claims are asserted, "any potential attorneys' fees award [under statutes awarding fees to prevailing parties] cannot be attributed solely to the named plaintiffs for purposes of amount in controversy," but instead must be apportioned among members of the putative class, and at least one named plaintiff's claims must meet the amount in controversy requirement with only that plaintiff's share of attorney's fees included. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001).

Fed Ex argues that that the entire potential attorney's fee award for the class should be attributed solely to Reyes to determine the amount in controversy. However, binding Ninth Circuit precedent requires that, for purposes of determining the amount in controversy in class

United States District Court
Northern District of California

1      action cases, attorney's fees be calculated on a pro-rata basis. *See Canela v. Costco Wholesale*

2      *Corp.*, 971 F.3d 845, 849-50 (9th Cir. 2020). Because FedEx errs on this point, the remainder of

3      its arguments also fail.

4              FedEx additionally invites the Court to conclude that the attorneys' fees in this matter will

5      surpass $75,000 based on Reyes's counsel's awards in past class action settlements. FedEx Opp.

6      Br. (ECF 20) at 13 (citing *Haralson v. U.S. Aviation Services Corp.*, No. 16-CV-05207-JST, 2021

7      WL 5033832, at *8 (N.D. Cal. Feb. 3, 2021)). But attorney's fees approved for Reyes's counsel in

8      class action settlements do not support the conclusion that Reyes's pro-rata share of attorney's fees

9      in this case will exceed $75,000.

10             Further, FedEx asks the Court to take notice of attorney's fees awards granted in other

11     employment disputes. FedEx Opp. Br. (ECF 20) at 11-14 (citing *Pavillard v. Ignite Int'l, Ltd.*,

12     No. 2:21-CV-01306-RGK-EX, 2022 WL 2390185, at *1 (C.D. Cal. June 17, 2022); *Betancourt v.*

13     *OS Restaurant Services, LLC*, 83 Cal. App. 5th 132 (2022); *Huhmann v. FedEx Corp.*, No. 13-

14     CV-00787-BAS NLS, 2015 WL 6127198, at *1 (S.D. Cal. Oct. 16, 2015), *aff'd sub nom.*

15     *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102 (9th Cir. 2017)). The cases FedEx cites simply

16     stand for the proposition that plaintiffs' counsel in employment cases may receive more than

17     $75,000 in attorney's fees in a given case, but they do not support a finding that counsel for Reyes

18     will be entitled to more than $75,000 for his pro rata share of any potential fees awarded in this

19     case. FedEx Counsel's declaration estimating that the attorney's fees here will exceed $75,000,

20     based solely on her experience and without reference to any other corroborating material (Flynn

21     Decl. ¶¶ 3-4 (ECF 20-1 at 2)), does not alter this reasoning. Like FedEx's reference to Reyes's

22     counsel's past settlement fee awards, this evidence fails to show that the attorney's fees

23     attributable to Reyes on a pro rata basis would exceed the $75,000 threshold. FedEx has failed to

24     produce evidence necessary to meet its burden of showing that the potential attorney's fee award

25     attributable just to Reyes's claims meets the amount in controversy threshold.

26             Not every action that permits attorney's fees can be removed from in federal court on the

27     speculative possibility that an attorney could be awarded over $75,000 per claim. That possibility

28     seems particularly speculative here. Given the statutory presumption against removal in diversity

1   actions, *Gaus*, 980 F.2d at 566, the Court finds that FedEx has failed to meet its burden of

2   showing that is more likely than not that the amount in controversy applicable to Reyes's claim

3   exceeds $75,000.  Therefore, the Court also grants Reyes's motion to remand on this basis.

4   **D.      FedEx's Motion to File a Sur-Reply**

5   After Reyes filed his reply brief, FedEx filed an "Ex-Parte Application for Permission to

6   File a Sur-Reply to New Cases and Evidence in Plaintiff's Reply Brief ISO First Amended Motion

7   to Remand."  ECF 24.  Under Civil Local Rule 7-3(d)(1), "[i]f new evidence has been submitted

8   in the reply, the opposing party may file within 7 days after the reply is filed, and serve an

9   Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the

10  new evidence, which may not include further argument on the motion."  The Local Rules thus

11  "recognize the potential inequities that might flow from the injection of new matter at the last

12  round of briefing."  *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir.

13  2018).  However, the "unfairness inherent" in being unable to respond to new factual material may

14  be mitigated by "granting the objecting party leave to file a sur-reply opposition to the new

15  matter."  *Id.* at 1172.  Pursuant to Civil Local Rule 7-11, a party may file a motion for

16  administrative relief seeking leave to file a sur-reply.

17  FedEx's application violates the Local Rules on several fronts.  First, it does not comply

18  with the standards set forth for administrative motions in Civil Local Rule 7-11.  Second, it

19  violates Civil Local Rule 7-3(d)(1) by exceeding five pages of briefing.  Third, though styled as an

20  "ex parte" motion, the application fails to identify any "statute, Federal Rule, local rule, or

21  Standing Order authorizes ex parte filing" as required by Civil Local Rule 7-10.  For all these

22  defects alone, the application must be denied.

23  Additionally, FedEx's application to file a sur-reply must also be denied on the merits.

24  The Reyes Declaration submitted in conjunction with the reply brief is indeed new, but FedEx

25  fails to meet Civil Local Rule 7-3(d)(3)'s requirement that it specifically object to the

26  Declaration's substance and not include additional argument on the motion. Rather, FedEx

27  attempts to use the application to file a sur-reply to distinguish the cases cited in Reyes's reply

28  brief.  Therefore, FedEx's application to file a sur-reply is DENIED.

United States District Court
Northern District of California

## CONCLUSION

FedEx has failed to establish that the amount in controversy exceeds the jurisdictional threshold under either CAFA or diversity jurisdiction.  Accordingly, the Court hereby GRANTS Reyes's motion to remand.  FedEx's application to file a sur-reply is DENIED.  Because the Court lacks jurisdiction over this case, and remands it to state court, the Court does not reach the merits of FedEx's motion to dismiss.  The Clerk is instructed to **REMAND** this matter.

**IT IS SO ORDERED.**

Dated: June 23, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**